## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALICIA BERRIOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.  3:16-cv-1318 |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, Alicia Berrios, by his attorney, David Hicks, and complaining against the Defendant, Plaintiff alleges the following:

### Jurisdiction and Venue

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f).  These provision give the district courts jurisdiction to hear civil action brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability plan underwritten and insured by United of Omaha Life Insurance Company.  In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which give the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials.  Those avenues of appeal have been exhausted.

3. Venue is proper in the Southern District of Illinois.  29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

## Nature of Action

4. This is a claim seeking payment of disability income benefits pursuant to a policy of insurance underwritten and insured by United of Omaha to provide Long Term Disability Insurance Benefits under a benefit plan entitled, to employees of Anheuser-Busch Employees' Credit Union under Policy No. GLTD-OAH64. This action seeking recovery of benefits, is brought pursuant to 29 U.S.C. §1132(a)(1)(B).

## The Parties

5. Alicia Berrios ("Berrios") has resided in Madison Coutny, Illinois at all times relevant hereto.

6. United of Omaha Life Insurance Company ("United of Omaha") is an insurance company which has, at all times relevant hereto, done business within this district. The Plan is an employee benefit plan which has operated and exists within this district at all times relevant hereto.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Berrios received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

## Statement of Facts

8. Berrios was employed in a full-time capacity by Anheuser-Busch Employees' Credit Union as a Team Leader, Service Representative until March 21, 2013, when she had to cease working due to her health issues.

9. Subsequent to ceasing her employment, Berrios applied for benefits under the Plan stating that due to her medical conditions, she met the Plan definition of "Disabled," which provides for payment of benefits if:

> that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which You are:

  (a) prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis: and

  (b) unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.

 10. On September 16, 2013, United of Omaha determined that Berrios did not meet the definition of Disabled under the Plan and denied Berrios's application for disability benefits.

 11. Berrios made a timely appeal of that denial to United of Omaha and on April 16, 2014, United of Omaha upheld its decision to not provide long term disability benefits.

 12. The determination by United of Omaha is contrary to the terms of the welfare benefit plan and has no rational support in the evidence. That decision was also contrary to the reports of all treating and examining physicians and their assessments.

 13. As a direct and proximate result thereof, based on the evidence submitted to United of Omaha establishing that Berrios has met the Plan definitions of "disabled" continuously since the onset of her disability, and that she continues to meet that definition, Berrios is entitled to payment of monthly disability insurance payment retroactive to her elimination date of September 17, 2013, plus interest on all overdue payments at the statutory rate of 5% in accordance with 815 ILCS 205/2.

 WHEREFORE, Plaintiff prays for the following relief:

 A. That the Court enter judgment in Plaintiff's favor and against Defendant and that the Court order Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

 B. That the Court order the Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at the rate of 5% to annum;

 C. That the Court order Defendants to continue paying Plaintiff benefits until such time as she meets the policy conditions for discontinuance of benefits;

 D. That the Court award Plaintiff attorney's fee pursuant to 29 U.S.C. §1132(g); and

E.  That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

Date: 12/08/2016

                                                    Respectfully submitted,

                                                    /s/ David Hicks
                                                    David Hicks
                                                    Attorney for Plaintiff

David Hicks
David M. Hicks, P.C.
7720 Stonebridge Golf Drive
Maryville, IL 62062
618-343-0901
618-301-3360 (fax)
davidmhickspc@hushmail.com